IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO POLO CUERVO,

    Plaintiff,                              No. CIV S-08-1771 LKK DAD PS

    vs.

JOSE LUIS MEJIA,                     FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff is proceeding pro se with an action alleging a contract dispute. Plaintiff asserts jurisdiction grounded on diversity. The matter has been referred to a United States Magistrate Judge in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff alleges that he is a citizen of California residing in Bakersfield, California, and that defendant is a citizen of the District of Columbia. Plaintiff further alleges that the parties entered into a contract in Los Angeles in 1987; defendant pledged property as collateral securing the debt owed by defendant to plaintiff; the parties' agreement was recorded in Kern County; defendant defaulted on his obligations; plaintiff exercised remedies available to him under Texas state law; and plaintiff and defendant agreed to transfer and did reconvey some of the collateral to plaintiff in partial satisfaction of defendant's obligations. Plaintiff claims that defendant is now asserting possession of certain property that was transferred to plaintiff.

The statute governing venue in diversity actions provides that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In the present case, the Eastern District of California is not a judicial district where any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, where a substantial part of property that is the subject of the action is situated, or where defendant was subject to personal jurisdiction when the action was commenced. Venue in the Eastern District of California is therefore improper.

When a plaintiff files an action in a district where venue is not proper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because there is no basis for venue in the Eastern District of California, this action must be dismissed or transferred.

Although plaintiff alleges that the parties' agreement was recorded in Kern County, California, it appears that the specific property at issue is located in Texas. There are four judicial districts in Texas, each of which includes seven divisions. Plaintiff's complaint alleges that the defendant is a citizen of the District of Columbia, but plaintiff has not alleged facts concerning defendant's current residence. The undersigned does not find that the interest of justice requires transfer of this action to the Fresno Division of this court, to the district court for the District of Columbia, or to one of the 28 courts encompassed by the four judicial districts in Texas. See King v. Russell, 963 F.2d 1301, 1304-05 (9th Cir. 1992) (affirming refusal to transfer an action under 28 U.S.C. § 1406); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983) (affirming district court's refusal to transfer federal defendants'

1  claims rather than dismiss them).  See also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.
2  1986) (holding that a district court may raise the issue of defective venue sua sponte and dismiss
3  the action, as long as the defendants have not already waived objections to venue).  This action
4  should be dismissed without prejudice to the filing of a new action in one of the districts where
5  venue is proper.
6        Accordingly, IT IS RECOMMENDED that this action be dismissed without
7  prejudice because venue is not proper in the United States District Court for the Eastern District
8  of California.
9        These findings and recommendations will be submitted to the United States
10 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
11 ten (10) days after being served with these findings and recommendations, plaintiff may file any
12 written objections with the court.  A document containing objections should be titled "Objections
13 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
14 objections within the specified time may waive the right to appeal the District Court's order.  See
15 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: August 4, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:kw
Ddad1\orders.prose\cuervo1771.f&r.venue